KERR v. HAMMOND.

(Supreme Court, Appellate Division, First Department. December 6, 1912.)

DISCOVERY (§ 36*)—EXAMINATION OF PARTY BEFORE TRIAL.

Where defendant's answer consisted wholly of denials, except an admission of plaintiff's demand, and showed he had no affirmative case to make, and his affidavit in support of his motion for an examination of plaintiff before trial showed his purpose to be, not to obtain evidence for use on the trial, but to find out plaintiff's evidence in advance, he was not entitled to an order for such examination.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 49; Dec. Dig. § 36.*]

Appeal from Special Term, New York County.

Action by Robert J. Kerr against Harris Hammond. From an order denying motion to vacate or modify order for examination of plaintiff before trial, plaintiff appeals. Reversed, and motion to vacate granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

George B. Holbert, of New York City, for appellant.
Wm. Woodward Baldwin, of New York City, for respondent.

SCOTT, J. Plaintiff appeals from an order denying a motion to vacate an order for his examination before trial. The complaint alleges that plaintiff was induced to give certain shares of stock to defendant in reliance upon representations and promises by the latter, which representations proved to be false and the promises remained unfulfilled. He has vainly demanded a return of the stock, and now seeks to recover its value. The answer consists wholly of denials, except an admission that plaintiff demanded a return of the stock. The defendant now seeks to examine plaintiff before trial concerning the allegations of the complaint.

The application for an order for examination and the refusal to vacate it rest, as we think, upon a misconception as to the purposes

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for which such an examination is permitted. Its purpose is not to enable a party to delve into his opponent's case, or to cross-examine his opponent in advance of the trial, but merely to obtain evidence in support of his own case. Where it is apparent that the examination is sought for the legitimate purpose intended by the statute, the courts are now most liberal in granting and sustaining orders for such examinations; but it is still necessary to keep in mind the true purpose of the statute authorizing such examination. In the present case, as the pleadings stand, the defendant has no affirmative case to make. He simply denies the plaintiff's allegations, leaving to the latter the burden of proof. It would, perhaps, be going too far to say that a defendant whose answer consists only of denials may never make out a proper case for the examination of the plaintiff before trial, although it is not easy to imagine such a case. If there be any, it must be for special reasons not apparent on the face of the pleadings, and which should be clearly shown by affidavit. Certainly the present is not such a case. Not only does it not appear that it is necessary, in a legal sense, to defendant to examine his adversary, but it affirmatively appears from his own affidavit that his purpose is not to obtain evidence to use on the trial, but to find out in advance of the trial what plaintiff is prepared to prove in support of his cause of action. We quote from the defendant's affidavit:

"An examination before trial is necessary to deponent for the following reasons among others. Deponent has no other witness except himself and said plaintiff by whom said representations and the terms thereof can be proven, and deponent has no knowledge of the interests of the plaintiff and those jointly interested with him in the Mexican oil lands, nor of the organization of the International Petroleum Company and the division of its stock, nor the actual value of said shares of stock, and deponent does not know, without such examination of the plaintiff, whether it will be necessary for him to endeavor to obtain other evidence as to the said facts for use upon the trial and to support the denials in the answer as to which deponent would need to get witnesses from without the state; and deponent does not know without such examination whether it will be necessary for him to procure other witnesses to prove the financial standing of the persons that defendant is alleged to have represented that he would induce to invest in the company."

The order appealed from must be reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs. All concur.